# EXHIBIT A

NOT ORIGINAL DOCUMENT
02/19/2019 03:30:18 PM
89824-3

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____

*FILED ELECTRONICALLY*

AUTUMN PEICHOTO                                                         PLAINTIFF

V.                              **COMPLAINT**

SPEEDWAY, LLC

    Serve:  CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, Kentucky 40601

and

SPEEDWAY SUPERAMERICA LLC                                               DEFENDANTS

    Serve:  CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, Kentucky 40601

---

Comes now Plaintiff, Autumn Peichoto, by and through counsel, and for her Complaint against Defendants, Speedway, LLC and Speedway Superamerica LLC, states as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, Autumn Peichoto, was a citizen and resident of the Commonwealth of Kentucky, residing at 949 Dayton Avenue, Lexington, Fayette County, Kentucky 40505.

2. At all times relevant hereto, Defendant, Speedway, LLC, was a Foreign Limited Liability Company licensed to do business within the Commonwealth of Kentucky, with its Agent for Service of Process being CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

COM : 000001 of 000004

3.	At all times relevant hereto, Defendant, Speedway Superamerica LLC, was a Foreign Limited Liability Company licensed to do business within the Commonwealth of Kentucky, with its Agent for Service of Process being CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

4.	At all times relevant hereto, Defendants owned, controlled, operated, maintained and/or supervised the Speedway gas station located at 447 East New Circle Road, Lexington, Kentucky 40503 (hereinafter "premises").

## JURISDICTION AND VENUE

5.	The circumstances giving rise to this Complaint took place in Fayette County, Kentucky.

6.	The amount of damages sustained by the Plaintiff is in excess of the minimum jurisdictional limits of the Fayette County Circuit Court.

7.	Fayette County Circuit Court has jurisdiction over this matter and venue is appropriate in this County.

## GENERAL ALLEGATIONS

8.	At all times relevant hereto, Defendants, by and through their agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep said premises safe for the use of their patrons.

9.	On or about June 1, 2018, as a direct and proximate result of the negligent acts and/or omissions of Defendants, whether by and through their respective agents, ostensible agents, servants, employees, and/or other representatives, Plaintiff, a business invitee, while exercising due care for her own safety, was injured as the result of a dangerous condition created and/or not maintained properly by Defendants, while lawfully and properly on Defendants premises.

2

10. Specifically, the Plaintiff was sprayed in the eye with fuel, which was leaking from a pump hose, while she was fueling her vehicle.

11. At said time and place, Defendants owed Plaintiff, as a business invitee upon said premises, a duty to exercise reasonable care for her safety.

12. Defendants and their agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to Plaintiff.

13. As a direct and proximate result of the negligence and carelessness of the Defendants, as heretofore alleged, Plaintiff was caused to sustain personal injuries of a permanent nature to her person. The injuries sustained by Plaintiff resulted in the following damages:

   a. mental and physical pain and suffering both of a temporary and permanent nature all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

   b. the power and ability to labor and earn has been temporarily and permanently impaired all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

   c. the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter;

   d. loss of her ability to lead and enjoy a normal life, all to her damage, in a sum to be determined by a jury sitting in the trial of this matter.

**WHEREFORE**, Plaintiff, Autumn Peichoto**,** demands judgment against Defendants, Speedway, LLC and Speedway Superamerica LLC, as follows:

   A. A trial by jury on all issues of fact herein;

3

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

COM : 000003 of 000004

NOT ORIGINAL DOCUMENT
02/19/2019 03:30:18 PM
89824-3

B. Compensatory damages against Defendant in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C. For prejudgment interest from the date of Plaintiff's injuries until such time the judgment is paid;

D. For Plaintiff's costs herein expended; and,

E. For any and all other relief to which Plaintiff is entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The party notified is as follows: Blue Cross, PO Box 34009, Philadelphia, PA 19101.

**RESPECTFULLY** submitted this 18th day of January, 2019.

>/s/ Tanner H. Shultz
>TANNER H. SHULTZ
>Morgan & Morgan, Kentucky PLLC
>333 West Vine Street, Suite 1200
>Lexington, KY 40507
>Telephone Phone: (859) 219-4529
>Facsimile: (859) 367-6146
>tshultz@forthepeople.com
>COUNSEL FOR PLAINTIFF

| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #: **19-CI-00202**<br>Court: **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* **PEICHOTO, AUTUMN VS. SPEEDWAY, LLC, ET AL**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
**306 WEST MAIN STREET, SUITE 512**
**FRANKFORT, KY 40601**

Memo: Related party is SPEEDWAY, LLC

The Commonwealth of Kentucky to Defendant:
**SPEEDWAY, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Vincent Riggs*
Fayette Circuit Clerk
Date: **1/18/2019**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

---

Summons ID: @00000838077
CIRCUIT: 19-CI-00202 Certified Mail
PEICHOTO, AUTUMN VS. SPEEDWAY, LLC, ET AL



Page 1 of 1

eFiled

AOC-E-105
Rev. 9-14

Sum Code: CI

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **19-CI-00202**
89824-3
Court: **CIRCUIT**
County: **FAYETTE**

*Plantiff,* **PEICHOTO, AUTUMN VS. SPEEDWAY, LLC, ET AL**, *Defendant*

TO: **CT CORPORATION SYSTEM**
**306 WEST MAIN STREET, SUITE 512**
**FRANKFORT, KY 40601**

Memo: Related party is SPEEDWAY SUPERAMERICA LLC

The Commonwealth of Kentucky to Defendant:
**SPEEDWAY SUPERAMERICA LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **1/18/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____

Served By _____

Title _____

Summons ID: @00000838078
CIRCUIT: 19-CI-00202 Certified Mail
PEICHOTO, AUTUMN VS. SPEEDWAY, LLC, ET AL



Page 1 of 1

eFiled

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

CI : 000001 of 000001

NOT ORIGINAL DOCUMENT
02/19/2019 03:31:29 PM

NOT ORIGINAL DOCUMENT
02/19/2019 03:32:48 PM
89824-3



**Commonwealth of Kentucky**

**Vincent Riggs, Fayette Circuit Clerk**

| | |
|---|---|
| **Case #:** 19-CI-00202 | **Envelope #:** 1421406 |
| **Received From:** TANNER SHULTZ | **Account Of:** TANNER SHULTZ |
| **Case Title:** PEICHOTO, AUTUMN VS. SPEEDWAY, LLC, ET AL | **Confirmation Number:** 86830852 |
| **Filed On:** 1/18/2019  4:25:54PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $23.96 |
| 9 | Charges For Services(Copy - Photocopy) | $1.60 |
| | **TOTAL:** | **$316.56** |

NOT ORIGINAL DOCUMENT
02/19/2019 03:31:55 PM
89824-3

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____
*FILED ELECTRONICALLY*

AUTUMN PEICHOTO                                                                     PLAINTIFF

V.                             **NOTICE OF SERVICE**

SPEEDWAY, LLC and
SPEEDWAY SUPERAMERICA LLC                                                DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Autumn Peichoto, by and through counsel, and hereby gives the Court and the parties notice that she served upon Defendants, Speedway, LLC and Speedway Superamerica, LLC, her First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents on this the 18th day of January, 2019.

                Respectfully submitted,

                */s/ Tanner H. Shultz*
                TANNER H. SHULTZ
                Morgan & Morgan, Kentucky PLLC
                333 West Vine Street, Suite 1200
                Lexington, Kentucky  40507
                Telephone:  (859) 219-4529
                Facsimile:   (859) 367-6146
                Email:  tshultz@forthepeople.com
                COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed using the Court's ECF electronic system on this the 18th day of January, 2019, with copies being sent via U.S. Mail, postage pre-paid, to the following:

CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601
*Registered Agent for Defendant,*
*Speedway, LLC*

1

NOT ORIGINAL DOCUMENT
02/19/2019 03:31:55 PM
89824-3

CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601
*Registered Agent for Defendant,*
*Speedway Superamerica LLC*

　　　　　　　　　　　　　　　　　　　/s/ Tanner H. Shultz
　　　　　　　　　　　　　　　　　　　COUNSEL FOR PLAINTIFF

2

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 9**
**CIVIL ACTION NO. 19-CI-00202**
*Electronically Filed*

AUTUMN PEICHOTO                                                                                PLAINTIFF

v.

SPEEDWAY LLC                                                                                   DEFENDANTS

and

SPEEDWAY SUPERAMERICA LLC

**DEFENDANTS SPEEDWAY LLC AND SPEEDWAY SUPERAMERICA LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Speedway LLC and Speedway SuperAmerica LLC[1] (collectively "Speedway"), by counsel, for their Answer and Affirmative Defenses to Plaintiff's Complaint state as follows:

**FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Speedway.

**SECOND DEFENSE**

Plaintiff Autumn Peichoto acted intentionally or was contributorily or comparatively negligent due to her failure to use the degree of care that would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances. Plaintiff's own negligence and intentional acts proximately caused her injuries and damages, if any, alleged in the Complaint.

---

[1] Speedway SuperAmerica, LLC is the former registered name of Speedway LLC. Speedway America, LLC no longer exists as a registered entity and is not a proper party to this action. Speedway LLC is the correct party.

## THIRD DEFENSE

## PARTIES

1. Speedway is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore the allegations are denied.

2. Speedway admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Speedway denies the allegations contained in Paragraph 3 of Plaintiff's Complaint. Speedway SuperAmerica LLC is the former registered name of Speedway LLC. Speedway SuperAmerica LLC no longer exists as a registered entity and is not a proper party to this action. Speedway LLC is the correct party.

4. With respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Speedway admits that it owned and operated a Speedway convenience store located at 447 East New Circle Road, Lexington, Kentucky 40503.

## JURISDICTION AND VENUE

5. Speedway admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint call for conclusions of law to which no response is required; however, to the extent a response is required, Speedway denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint call for conclusions of law to which no response is required; however, to the extent a response is required, Speedway denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint call for conclusions of law to which no response is required; however, to the extent a response is required, Speedway denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Speedway denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Speedway is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore the allegations are denied.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint call for conclusions of law to which no response is required; however, to the extent a response is required, Speedway denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Speedway denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Speedway denies the allegations contained in Paragraph 13 of Plaintiff's Complaint and subparagraphs (a)-(d) of the Plaintiff's Complaint.

## FOURTH DEFENSE

Plaintiff knew, or should have known, of any dangerous conditions, if any, that may have existed on the premises where she was allegedly injured.

## FIFTH DEFENSE

Any alleged dangerous conditions, if any, existing upon the premises at the time or place where Plaintiff was allegedly injured, were open, notorious, and obvious to Plaintiff, thereby absolving Speedway from any liability to Plaintiff.

## SIXTH DEFENSE

The injuries and damages about which Plaintiff complains, if any, may have been caused by the negligence of third persons over whom Speedway had no control, for which Speedway is not responsible, and for which Speedway has no liability, entitling Speedway to indemnity, contribution, offset, and apportionment as a result of such negligence.

## SEVENTH DEFENSE

To the extent any person or entity exists who has paid any amount to or for the benefit of Plaintiff on account of the event or injuries alleged in the Complaint and who has not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS § 411.188, and the Complaint is barred. In the alternative, Plaintiff is precluded from recovery of benefits that are the subject of subrogation rights. Plaintiff is not the real party in interest to the extent of any such payments.

## EIGHTH DEFENSE

Speedway affirmatively asserts those defenses contained in Rule 8.03 of the Kentucky Rules of Civil Procedure, including, but not necessarily limited to, contributory negligence and estoppel. Speedway also asserts the Open and Obvious defense.

## NINTH DEFENSE

Speedway reserves the right to file any cross-claims, counterclaims, and/or other third-party actions that may become appropriate and necessary in the course of discovery.

## TENTH DEFENSE

To the extent that Plaintiff has failed in her duty to mitigate her damages, if any, these damages must be reduced accordingly.

## ELEVENTH DEFENSE

The Complaint should be barred, in whole or in part, for the Plaintiff's failure to plead with specificity items of special damages as required by CR 9.06.

## TWELFTH DEFENSE

Speedway denies any allegation not specifically denied in this Answer.

## THIRTEENTH DEFENSE

Speedway reserves the right to assert any other affirmative defense that may become applicable as revealed in the course of discovery.

**WHEREFORE**, Defendants Speedway LLC and Speedway SuperAmerica LLC reserve the right to amend this Answer and Defenses as discovery progresses and hereby respectfully request:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That it be awarded its costs herein expended and, if applicable, a reasonable attorney's fee;

3. For a trial by jury on all issues so triable; and

4. Any and all other relief to which it may appear to be entitled.

Respectfully submitted,

FROST BROWN TODD LLC

/s/ *Andrew M. Palmer*
D. Christopher Robinson
Andrew M. Palmer
400 W. Market Street, 32nd Floor
Louisville, KY  40202
(502) 589-5400
(502) 581-1087 - Fax
crobinson@fbtlaw.com
apalmer@fbtlaw.com
*Counsel for Defendant Speedway LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case, and that a true and correct copy of the foregoing was served by U.S. first class mail, postage prepaid, to the following:

Tanner H. Shultz
Morgan & Morgan, Kentucky PLLC
333 West Vine Street, Suite 1200
Lexington, KY  40507
*Counsel for Plaintiff Autumn Peichoto*

                                         /s/ *Andrew M. Palmer*
                                         *Counsel for Defendant Speedway LLC*